**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| MACHELLE GROSPITZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-4072-CV-C-NKL |
| | ) | |
| ABBOTT, et al., | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| WENDY SMITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-4073-CV-C-NKL |
| | ) | |
| ABBOTT, et al., | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| M. KAYE WININGS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-4074-CV-C-NKL |
| | ) | |
| ABBOTT, et al., | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| JENNIFER ENGLISH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4065-CV-C-WAK |
| | ) | |
| ABBOTT, et al., | ) | |
|     Defendants. | ) | |

1

**ORDER**

Before the Court is Defendants' Motion to Consolidate the above cases for trial. In Machelle Grospitz's ("Grospitz") case, No. 04-4072, Defendants' Motion is Doc. # 106. In Wendy Smith's ("Smith") case, No. 04-4073, Defendants' Motion is Doc. # 64. In M. Kaye Winings's ("Winings")[1] case, No. 04-4074, Defendants' Motion is Doc. # 63. In Jennifer English's ("English") case, No. 05-4065, Defendants' Motion is Doc. # 10. For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion in each case.

**I.     Background**

**A.     Parties and General Overview**

In their Complaints, Plaintiffs challenge several aspects of their arrest that occurred in April 2001. On April 15, 2001, Defendants executed a search warrant at a residence located at 61 Catrock Road, in Eldon, Missouri, and arrested Plaintiffs. Jay Hitz ("Hitz") owned the residence, but he is not a party to these proceedings.

Plaintiffs specifically challenge the search warrant relied on by Defendants, the execution of that search warrant, their arrest after the execution of the warrant, and their subsequent strip search at the Miller County Jail.

Plaintiffs have sued Miller County, Missouri ("Miller County"), and some of its officials. Plaintiffs have filed suit against Bill Abbott ("Abbott"), who was the Sheriff of

---

[1]Winings is the mother of Grospitz.

Miller County during the relevant time period, and four of his employees, including (1) Tom Viner ("Viner"), a deputy sheriff; (2) Rob Breshears ("Breshears"), a deputy sheriff; (3) Tammy Terry ("Terry"), the Jail Administrator; and (4) James Luttrell ("Luttrell"), a captain in the sheriff's office. Additionally, Plaintiffs sued David Whittle ("Whittle"), Tom Wright ("Wright"), and Johnny Klindt ("Klindt"), all of whom were Miller County Commissioners during the relevant time period.[2]

In addition to the Defendants outlined above, Plaintiff Smith brings a claim against Walter Richter ("Richter"), who was a jailer at the Miller County Jail during the relevant time period. In her Second Amended Complaint, Smith alleged that Richter "slammed her body and shoulder into the cell doors of the jail and a concrete wall, causing her to suffer pain and swelling" during her brief incarceration at the Miller County Jail. *See* Case No. 04-4073-CV-C-NKL, [Doc. # 47] at ¶ 23. Plaintiffs Grospitz, Winings, and Smith do not pursue any claims against Richter.

### B. Claims of Grospitz, Smith, and Winings

After discovery, Defendants submitted dispositive motions on Plaintiffs' claims and the Court granted in part and denied in part Defendants' Motions. The Court granted summary judgment in favor of the Miller County Commissioners and they are no longer parties to this case. After the Court's ruling, the claims of Grospitz, Smith, and Winings against the remaining Defendants are as follows:

---

[2] The Court will collectively refer to these three Defendants as the "Miller County Commissioners."

| Count | Claim | Defendants |
|---|---|---|
| I | Use of Excessive Force and Unconstitutional Search, Seizure, Entry and Arrest in Violation of 42 U.S.C. § 1983 ("Section 1983") | Abbott<br>Viner<br>Breshears<br>Terry<br>Luttrell<br>Miller County<br>Richter (Smith only) |
| II | Conspiracy to Violate Civil Rights under Section 1983 | Abbott<br>Viner<br>Breshears<br>Terry<br>Luttrell<br>Miller County<br>Richter (Smith only) |
| III | Failure to Intervene | Abbott<br>Viner<br>Breshears<br>Terry<br>Luttrell<br>Miller County<br>Richter (Smith only) |
| IV | Failure to Instruct, Train, and Negligent Retention under Section 1983 | Abbott<br>Viner<br>Breshears<br>Terry<br>Luttrell<br>Miller County |
| V | Assault and Battery under Missouri law | Viner - Individual Capacity<br>Richter - Individual Capacity |
| VI | False Arrest under Missouri law | Viner - Individual Capacity |

The claims of Grospitz, Winings, and Smith are all scheduled to go to trial in this Court on the three-week trial docket commencing January 23, 2006.

### C. English's Claims

Like the other Plaintiffs, English challenges her arrest and subsequent strip search by Defendants in April 2001. English's claims and the Defendants in her case are almost identical to the original claims and parties in the Grospitz, Smith, and Winings cases.[3] English's trial is scheduled to commence in early May 2006. Discovery in English's dispute closes on December 23, 2005, and dispositive motions are due in her case on January 23, 2006--the same day that trial is to commence on the claims of Grospitz, Winings, and Smith.

Defendants now move to consolidate all four cases into one proceeding and try them collectively during the three-week docket commencing on January 23, 2006.

## II. Discussion

### A. Claims of Grospitz, Smith, and Winings

Rule 42(a) governs consolidation of claims. It provides that consolidation of claims is appropriate where the actions "involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). When cases are consolidated, courts may enter any orders that "tend to avoid unnecessary costs or delay." *Id.*

Regarding the claims of Grospitz, Smith, and Winings, consolidation under Rule 42 is appropriate because their claims involve the same defendants and arise from the

---

[3]English's dispute was pending before the Honorable William A. Knox, a Magistrate Judge of this Court, but her case was subsequently transferred to the undersigned for consideration. *See* Transfer Order [Doc. # 17] in Case No. 05-4065-CV-C-WAK.

same set of operative facts that occurred in April 2001. Thus, the factual disputes to be determined by the jury in each case are closely related as is the governing law.

Plaintiffs object to consolidating the claims of these three Plaintiffs because they argue they will be prejudiced by a joint trial. Plaintiffs argue that admitting evidence about the criminal history records and drug-related paraphernalia that was discovered at the home will prejudice Plaintiffs who are not associated with the paraphernalia or who have fewer criminal convictions. However, Plaintiffs' concerns can be addressed through limiting jury instructions.

Plaintiffs also object to consolidating the claims because the damages claimed and the evidence supporting those damages will be different for each Plaintiff. The Court, however, believes that a jury can differentiate between different damages calculations for the respective Plaintiffs.

Accordingly, the Court will grant Defendants' Motion in part and consolidate the claims of Grospitz, Winings, and Smith for trial in January 2006.

### B. English's Claims

Although the Court will mandate consolidation of the three original Plaintiffs' claims, it will not consolidate English's claim. As Plaintiffs point out, English's claim is not in the same procedural posture as the claims of the three other Plaintiffs. Discovery does not close in that case until late December 2005, dispositive motions are not due until late January 2006, and trial is not scheduled to begin until May 2006. The Court acknowledges that it may be somewhat duplicative to hold a separate trial for English's

6

claims, but notes that English's case has been pending since March 2005. Had Defendants moved for consolidation earlier, the Court could have coordinated discovery and dispositive motions in all four cases at the same time, but that option is now foreclosed because of time constraints. Accordingly, the Court will not consolidate English's claims with the claims of the other three Plaintiffs.

    **C.**    **Clarification of Court's Summary Judgment Order [Doc. # 108][4]**

In their Opposition, Plaintiffs incorrectly characterize the Court's ruling on the issue of probable cause. In their Opposition, Plaintiffs state:

> This Court recently concluded that there was not even arguable probable cause to support the Plaintiffs' arrests in its Order dated October 17, 2005. This finding constitutes the law of the case with respect to the lack of probable cause supporting Plaintiffs' arrests. As a result, the Plaintiffs would have no objection to consolidated trials on the issue of liability because there would be no reason to admit at trial the [allegedly prejudicial] evidence Defendants presented in their Motion for Summary Judgment as to the purported basis for the Plaintiffs' arrests, when the lack of probable cause for their arrests had already been established as a matter of law.

*See* Pl. Opposition [Doc. # 109] at p. 4. Plaintiffs misinterpret both the Court's Order and the impact of that Order in the context of a summary judgment proceeding.

Plaintiffs did not move for summary judgment on the issue of whether Defendants had probable cause to arrest them at the residence. Therefore, the Court did not find in favor of Plaintiff on the issue as a matter of law; it merely denied Defendants' dispositive motion on that point.

---

[4]The Court's Order is Doc. # 108 in Case No. 04-4072-CV-C-NKL. It is Doc. # 66 in Case No. 04-4073-CV-C-NKL and Doc. # 65 in Case No. 04-4074-CV-C-NKL.

7

### D. Mediation

All parties, including Jennifer English and her counsel, are ordered to mediate all claims before Judge Knox on December 7, 2005, at.09:00 AM, in Magistrate Courtroom, Jefferson City, Missouri.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion to Consolidate is GRANTED as to the claims of Plaintiffs Grospitz, Winings, and Smith. It is DENIED as to the claims of Plaintiff English. It is further

ORDERED that the parties, including Jennifer English and her counsel, shall mediate all claims before Judge Knox on December 7, 2005, at.09:00 AM, in Magistrate Courtroom, Jefferson City, Missouri.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: November 14, 2005
Jefferson City, Missouri